# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUFUS DILLARD,<br><br>            Plaintiff,<br><br>vs.<br><br>THE HONORABLE KENNETH K. SO; ROBERT AMBROSELLI, Director of California Department of Correction and Rehabilitation,<br><br>            Defendants. | Civil No.   12cv2958 BTM (RBB)<br><br>**ORDER:**<br><br>**(1)  GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*; and**<br><br>**(2)  DISMISSING ACTION** |

   Plaintiff, a nonprisoner proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983.  Plaintiff has not paid the $350 civil filing fee required to commence this action, but rather has filed a motion to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a).

   Under § 1915(a), the Court may authorize the commencement of a suit without prepayment of fees if the plaintiff submits an affidavit, including a statement of all his assets, showing that he is unable to pay filing fees.  See 28 U.S.C. § 1915(a).  Plaintiff has submitted an affidavit which sufficiently shows that he lacks the financial resources to pay filing fees, and the Court accordingly **GRANTS** Plaintiff's motion to proceed in forma pauperis.

Notwithstanding payment of any filing fee or portion thereof, a complaint filed by any person proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the Court to the extent it is "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

Here, the Complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) to the extent it seeks monetary damages against a San Diego Superior Court Judge and the Director of the California Department of Correction and Rehabilitation (CDCR), and for failing to state a claim upon which relief may be granted.

"Judges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986). Therefore, as a Superior Court Judge for the State of California, Judge So has absolute immunity insofar as Plaintiff seeks damages, since the acts alleged by Plaintiff were performed within Judge So's judicial discretion. Moreover, while judicial immunity "does not extend . . . to actions for prospective injunctive relief," id., Plaintiff does not have standing to pursue injunctive relief, since he has not alleged that he is facing sentencing as a third-strike offender in state court.

Even if Plaintiff did allege that he was about to be sentenced, this Court would be barred from consideration of the claims by the abstention doctrine announced in Younger v. Harris, 401 U.S. 37 (1971). Under Younger, federal courts may not interfere with ongoing state criminal proceedings absent extraordinary circumstances. Id. at 45-46; see Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 431 (1982) (stating that Younger "espouse[d] a strong federal policy against federal-court interference with pending state judicial proceedings.") Furthermore, if Plaintiff had already been sentenced, his only avenue for relief in federal court would be a petition for a writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475, 497-99 (1973).

As to Defendant Ambroselli, the Eleventh Amendment extends sovereign immunity to state officials sued in their official capacity. See Romano v. Bible, 169 F.3d 1182, 1185 (9th Cir. 1999). Even where state officials are sued in their personal capacities, the Eleventh Amendment bars such suits "when 'the state is the real, substantial party in interest.'" Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 101 (1984) (quoting Ford Motor Co. v. Department of Treasury, 323 U.S. 459, 464 (1945)). Such a suit is barred "regardless of whether it seeks damages or injunctive relief." Id. at 102. However, the Supreme Court has recognized a significant exception to the immunity of state officials, namely that "a suit challenging the constitutionality of a state official's action is not one against the State," id. at 102, since "an official who acts unconstitutionally is 'stripped of his official or representative character.'" Id. at 104 (citing Ex parte Young, 209 U.S. 123 (1908)).

Here, Plaintiff alleges that his sentencing enhancement under California's Determinate Sentencing Law (DSL) was unconstitutional, and therefore Defendant Ambroselli held him illegally. Compl. at 4. Plaintiff further alleges that his allegedly unconstitutional confinement constituted cruel and unusual punishment. Id.

It is unclear from the face of the Complaint whether Defendant Ambroselli is being sued in his official or individual capacity. Moreover, Plaintiff has failed to allege that Defendant Ambroselli was the director of the CDCR while Plaintiff was incarcerated. Regardless, Plaintiff has failed to state a claim upon which relief may be granted. If Plaintiff is suing Defendant Ambroselli in his official capacity, the claims are barred by sovereign immunity. If Plaintiff is suing Defendant Ambroselli in his individual capacity, Defendant Ambroselli is entitled to qualified immunity.

"Qualified immunity protects government officials from civil liability if 'their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Cousins v. Lockyer, 568 F.3d 1063, 1069-70 (9th Cir. 2009) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). Under Saucier v. Katz, 533 U.S. 194 (2001), the inquiry is twofold. First, do the alleged facts make out

1 | a violation of a constitutional right? Second, was the right at issue was "clearly
2 | established" at the time of the alleged misconduct?  Id.
3 |       Here, Plaintiff argues that the DSL is unconstitutional, and that therefore the
4 | sentencing enhancement he received under the DSL was also unconstitutional.  Even if
5 | this is the case, it was not clearly established at the time of his sentencing.  Therefore,
6 | Defendant Ambroselli is entitled to qualified immunity.
7 |       Thus, for the reasons set forth above, Plaintiff's Complaint is **DISMISSED**
8 | without leave to amend.
9 |
10 | **IT IS SO ORDERED.**
11 | DATED: September 11, 2013
12 |
13 |                                             BARRY TED MOSKOWITZ, Chief Judge
United States District Court